**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JAMES I. HOWZE )<br>) | Case No. 08 CR 1078<br><br>Judge Joan B. Gottschall |

**SENTENCING MEMORANDUM**

**I.   Guidelines Offense-Level Calculation**

The PSR applied a two-point "threat of death" enhancement to two of the five bank robberies Howze committed. In each of these two instances, Howze did not explicitly say that he would kill the teller if the teller failed to hand over money to him. Instead, in the offense charged as Count 2 of the indictment, the evidence showed that Howze either said "this is a stick up I have a gun" or "this is a stick up. I have a weapon. No bait money." As to count three, the government again produced evidence showing that Howze said that he either had a weapon or that he had a gun.

The settled case law of this circuit holds that the bare statement "I have a gun" is enough to trigger the "threat of death" enhancement. *See United States v. Carbaugh*, 141 F.3d 791 (7th Cir. 1998) (applying the threat of death enhancement where a robber confronts a teller and announces he has a gun). Nonetheless, Howze contends that because the evidence that he told the two tellers that he had a gun is equivocal, the court should find that Howze said he had a weapon and on that basis decline to apply the "threat of death" enhancement. While the court believes that some threat of violence inheres in all bank robberies (as bank tellers otherwise have no incentive to hand over cash upon request) and, accordingly, that an enhancement for "threat of death" duplicates the conduct captured in the base offense level where it does not appear that the declaration of possession appreciably altered the level of menace, the precedent on this issue is clear: the statement of

possession of a gun requires the application of the enhancement.  And the distinction Howze seeks to draw between the declaration "I have a gun" and "I have a weapon" does not, in this court's view, overcome this authority.  After all, a gun is a weapon, and the idea that a teller, in the midst of a robbery, would notice the distinction makes little sense.

While the court is obligated to calculate Howze's Guidelines sentence according to Seventh Circuit authority (and therefore adopts the PSR's offense-level calculation), it notes that the evidence here does not show that Howze's threat instilled an aggravated degree of fear in the teller victims.  Indeed, neither of the two victims of the robberies where the threat of death enhancement was applied responded to probation's efforts to obtain a victim impact statement from them.  And from what the court can tell, the tellers in the robberies where no statement of possession of a gun was made reacted exactly like the tellers in the robberies where the statement of possession was made.  In sum, while the court applies the "threat of death" enhancement, it notes the lack of evidence that the tellers were more fearful because the statement of possession was made than they appeared to be where it was not made.

## II.     Guidelines Criminal History Category

Howze objects to the inclusion of two prior Illinois forgery sentences and one Illinois theft by deception sentence in the calculation of his criminal history category under U.S.S.G. § 4A1.2(a)(2), reasoning that because, in his earlier federal bank fraud case, Judge St. Eve found those three offenses relevant conduct (*see* U.S.S.G. §1B1.3) (and therefore did not count the sentences towards Howze's criminal history at the sentencing for that offense), counting each of those state and federal convictions separately here, where Howze has pled guilty to unrelated bank robbery charges, constitutes impermissible double counting.

Howze's theory does not find direct support in U.S.S.G. § 4A1.2(a)(2), which instructs the court to determine whether sentences are counted separately or individually (for purposes of criminal history computations) as follows:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2). Application Note 1 to this guideline further defines "prior sentence" to mean "a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense...[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of U.S.S.G. § 1B1.3." *Id*. App. N. 1. Accordingly, Judge St. Eve. properly excluded three of Howze's Illinois sentences from the computation of his criminal history because those sentence were related to crimes that were "part of the instant offense" of bank fraud. *Id*. Here, however, those prior sentences are *unrelated* to the instant offense (bank robbery) and are therefore properly counted towards Howze's criminal history category under U.S.S.G. § 4A1.2.

Howze has not located any precedent holding that this method of tabulating his criminal history constitutes double-counting and neither has the court. Impermissible "double counting occurs when a district court imposes two or more upward adjustments within the Guidelines range, when both are premised on the same conduct." *U.S. v. Schmeilski*, 408 F.3d 917, 919 (7th Cir. 2005) (citing *U.S. v. Haines*, 32 F.3d 290, 293 (1994)). Howze was previously sentenced for violations

of the federal statute proscribing bank fraud under the provisions in U.S.S.G. § 2F1.1 entitled "Fraud and Deceit; Forgery. . . ." U.S.S.G. § 2F1.1 (1998). Howze's plea agreement specified that three forgery and theft offenses were relevant to Howze's federal charge under 18 U.S.C. § 1344 for bank fraud; he therefore incurred no criminal history points for those state law sentences at his sentencing for federal bank fraud, but the proceeds from the Illinois theft and forgery convictions were included in the calculation of Howze's joint and several restitution in the federal case. *See* PSR ln. 400. Thus, the state law offenses were more than relevant conduct; these Illinois convictions *are* the conduct of the federal bank fraud scheme that Howze was convicted of participating in. Consequently, counting the federal bank fraud charge separately from each of the three state law offenses that were found relevant to that federal conviction (and included in the federal restitution) could, in the court's view, impose four separate adjustments of the Guidelines sentencing range that are all "premised on the same conduct" and therefore constitute double-counting. *Schmeilski*, 408 F.3d at 919. But absent authority upholding this application of the prohibition against double counting, given the ambiguity of the Guidelines concerning this precise situation and given the fact that the state arrests should have, but did not, halt the scheme, the court cannot alter Howze's criminal history for purposes of calculating his Guidelines sentence.

Nonetheless, the fact that Howze's Illinois forgery and theft charges are more than merely relevant conduct bears on the *reasonableness* of the Guidelines sentence because it indicates that the Guidelines' method for calculating criminal history points somewhat exaggerates the severity of Howze's prior conduct relative to other defendants. The Guidelines themselves contemplate this possibility and provide a procedure for rectifying it in U.S.S.G § 4A1.3, which sets out standards governing downward departures based on the inadequacy of a defendant's calculated criminal

history category. Though the Seventh Circuit has found the "concept of departures obsolete and beside the point" post-*Booker*, it has also sanctioned consideration of the departure guideline "by way of analogy to aid the court's determination of the sentences' reasonableness." *United States v. Walker*, 447 F.3d 999, 1006 (7th Cir. 2006) (internal quotations omitted) (citing *United States v. Castro-Juarez*, 425 F.3d 430, 434-36 (7th Cir. 2005)). U.S.S.G. § 4A1.3(b)(1) sanctions downward departures in criminal history category "if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." *Id*. As the court explained above, the separate application of criminal history points for state violations that were not simply relevant – but actually constituted – Howze's federal bank fraud scheme overstates Howze's likelihood of recidivism; it was one course of conduct involving multiple check forgeries rather than three or four separate crimes.

### III.    18 U.S.C. § 3533(a) Factors

Howze is forty-nine years old. He has a life-long substance abuse problem so severe that it was the basis for revocation of his supervision *twice* during the four years of supervised release imposed in his prior federal bank fraud case. Indeed, he was so incapable of stopping his drug use that he ended up serving more time on these revocations than he was sentenced to on the underlying charge. It is not disputed that his drug addiction led to his prior criminal conduct and to his conduct in this case. Yet, once released on bond in this case, he submitted to two urine drop tests each week and none revealed the use of illegal drugs. Not only did Howze submit to twice-weekly drug testing but he called pretrial services daily and faithfully. And, once granted permission to pursue an exercise program, he did so.

The PSR expresses concern that Howze, after a lifetime of petty, non-violent crime, turned to a violent crime, bank robbery. The PSR opines that this may mean that Howze is becoming more violent. While there is nothing unreasonable about this narrative, it is not the only one consistent with the undisputed facts in this case. The other is that Howze essentially bottomed-out with the bank robberies and he realized, in a way that he was never able to before, that his drug addiction was leading him into terrible antisocial conduct. The evidence for this perspective comes from Howze's remarkable behavior while on bond. He complied with all conditions *and* abstained from drugs. While it has been argued that perhaps he stopped using drugs and complied with his bond conditions because he is facing a long sentence, such a view trivializes and misunderstands the reality of drug addiction. Addicts cannot turn their addictions on and off at will. A lengthy period of sobriety means something significant.

The court thus believes that, as it trusted Mr. Howze with a bond and he proved worthy of that trust, Mr. Howze has turned a real corner in controlling his demons. The court believes that Mr. Howze intends to turn his life around and is capable of doing so.

That said, Mr. Howze committed repeated bank robberies, a violent and anti-social act with real victims. He must be severely punished for this conduct, to reflect the seriousness of the offense and to deter others from similar conduct, even if the prospects for Mr. Howze living a law-abiding life in the future are better than one would normally expect from a substance abuser with his extensive criminal history. For this reason, and because the Guidelines separately counted four offenses that were part of the same scheme, and because there is little evidence that Howze's statement that he possessed a weapon on two occasions actually increased anyone's fear beyond that of a normal robbery, and because Howze's conquest of his drug addiction during the period when

-6-

he was out on bond is significant and promising, and because Howze's longest period of imprisonment in the past was his relatively brief prior federal sentence when his supervision was revoked of eleven months, the court concludes that a sentence of 70 months is sufficient but not greater than necessary to achieve the purposes of §3553.

                              ENTER:

                              /s/  
                            JOAN B. GOTTSCHALL  
                            United States District Judge

DATED: November 6, 2009